CLOSED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY JONES,

        Plaintiff,

            Case No. 04-74251

v.

            Hon. Gerald E. Rosen

UNITED STATES POSTAL
INSPECTOR IN CHARGE,

        Defendant.
_____/

FILED
AUG 15 2005
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

**ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     **AUG 15 2005**

PRESENT: Honorable Gerald E. Rosen
                    United States District Judge

Plaintiff Gary Jones commenced this action in this Court on November 1, 2004. In his single-paragraph *pro se* complaint, Plaintiff alleges that a local U.S. Post Office branch has allowed its inspectors to "arrange secret accusations, secret investigations, secret indictments and secret convictions against federal employees for filing Equal Employment Opportunity charges." Plaintiff further alleges that, through these actions, the recently enacted Patriot Act is being used to protect federal agencies against lawsuits.

By amended motion filed on December 2, 2004, the Defendant U.S. Postal Inspector-in-Charge now seeks the dismissal of this action on a number of grounds. First,

Defendant notes that the only federal statute expressly mentioned in Plaintiff's complaint, the Patriot Act, does not confer a private cause of action. Next, Defendant observes that Plaintiff filed a similar complaint earlier in 2004, and that Judge Borman dismissed this prior suit *sua sponte* for lack of subject matter jurisdiction, on the ground that Plaintiff's allegations were "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Jones v. United States Postmaster General, No. 04-73880, slip op. at 2 (E.D. Mich. Oct. 25, 2004). As Defendant correctly asserts, this prior dismissal bars the present, essentially identical suit on grounds of *res judicata.*

By order dated January 12, 2005, the Court granted Plaintiff an additional opportunity to respond to Defendant's motion, despite the passage of the usual 21-day response period as set forth in Local Rule 7.1(d)(1)(B) of this District. To date, Plaintiff has not availed himself of this opportunity, so that Defendant's motion remains unopposed. For this reason, and because of the straightforward grounds advanced in Defendant's motion, the Court finds that a hearing is not necessary and would not be beneficial in resolving this motion. See Eastern District Local Rule 7.1(e)(2).

In any event, apart from Plaintiff's failure to oppose Defendant's motion, the Court agrees with Defendant that the disposition of this case is controlled by Judge Borman's prior dismissal of Plaintiff's essentially identical complaint in Case No. 04-73880. Under well-established principles of *res judicata,* Plaintiff is barred from reasserting in a new complaint the allegations and claims advanced in this earlier case. Instead, he must seek

recourse in the Court of Appeals if he wishes to challenge Judge Borman's ruling.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's December 2, 2004 Motion to Dismiss is GRANTED.

_____
Gerald E. Rosen
United States District Judge

PURSUANT TO RULE 77(d), FRCivP
COPIES HAVE BEEN MAILED TO ALL
ATTORNEYS FOR ALL PARTIES ON
_____8-15_____, 20 05.
_____
DEPUTY CLERK